

## NUMBER 13-16-00253-CV

## COURT OF APPEALS
## THIRTEENTH DISTRICT OF TEXAS
## CORPUS CHRISTI – EDINBURG

**EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, SILVIA LEDESMA, AND CARLOS GUZMAN,** Appellants,

**v.**

**SOBEYDA I. SMITH, DANIEL REBOLLAR, AND MARIELY REBOLLAR,** Appellees.

On appeal from the 398th District Court
of Hidalgo County, Texas.

## NUMBER 13-16-00254-CV

## COURT OF APPEALS
## THIRTEENTH DISTRICT OF TEXAS
## CORPUS CHRISTI – EDINBURG

## IN RE SOBEYDA I. SMITH, DANIEL REBOLLAR, AND MARIELY REBOLLAR

On Petition for Writ of Injunction.

# ORDER

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Order Per Curiam

On May 5, 2016 in our cause number 13-16-00253-CV, appellants Edinburg Consolidated Independent School District ("ECISD"), Silvia Ledesma, and Carlos Guzman filed a "Notice of Accelerated Appeal and Stay" through which they seek to appeal a May 5, 2016 order granting a temporary injunction as requested by Sobeyda I. Smith, Daniel Rebollar, and Mariely Rebollar. Appellants also appeal a May 5, 2016 order denying their plea to the jurisdiction. Through this notice of appeal, appellants invoked Texas Rule of Appellate Procedure 29.1(b) and Texas Civil Practice and Remedies Code section 6.004, thereby automatically staying the order granting the temporary injunction. See Tex. R. App. P. 29.1(b) ("Perfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless . . . the appellant is entitled to supersede the order without security by filing a notice of appeal."); Tex. Civ. Prac. & Rem. Code Ann. § 6.004 (West, Westlaw through 2015 R.S.) ("A school district may institute and prosecute suits without giving security for cost and may appeal from judgment without giving supersedeas or cost bond."). Further, in light of their appeal of the order denying the plea to the jurisdiction, appellants further invoked Texas Civil Practice and Remedies Code section 51.014(b) to stay "all other proceedings in the trial court pending resolution" of this appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (West, Westlaw through 2015 R.S.) (providing that an interlocutory appeal of an order, such as one granting or denying a plea to the jurisdiction, but other than one granting or refusing a temporary injunction, "stays the commencement of a trial in the trial court pending resolution of the appeal," and an interlocutory appeal of an order granting

2

or denying a plea to the jurisdiction by a governmental unit "also stays all other proceedings in the trial court pending resolution of that appeal.").

On May 6, 2016, in our cause number 13-16-00254-CV, the appellees filed a petition for writ of injunction and an emergency motion for temporary relief pending determination of the merits of the petition. Appellees/relators seek an order enjoining appellants from taking certain actions while this matter remains pending, or alternatively, requiring them to comply with the trial court's temporary injunction until the original proceeding has been resolved. Appellees/relators claim that this Court should grant a stay because ECISD, despite the temporary injunction requiring it to calculate the class rankings of the 2016 graduating seniors' grade point averages and class rankings by including ten points for a dual enrollment computer science class, has publically announced its intention to proceed with its 2016 class rankings without consideration of the dual enrollment class. Appellees/relators contend that without emergency relief, the appeal will be rendered moot.

The Court, having examined and fully considered the emergency motion for temporary relief, is of the opinion that it should be granted. The emergency motion for temporary relief is hereby GRANTED, and we ORDER that the trial court's May 5, 2016 temporary injunction will remain in effect until further order of this Court. *See* TEX. R. APP. P. 29.3 ("When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal . . . ."); *Id.* R. 52.10(b) ("The court—on motion of any party or on its own initiative—may without notice grant any just relief pending the court's action on the petition."). We further order appellants/real parties in interest, or any others whose

interest would be directly affected by the relief sought, to file a response to the petition for writ of injunction by 5:00 p.m. on Wednesday, May, 11, 2016. *See id.* R. 52.2, 52.4, 52.8

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
6th day of May, 2016.